**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| JOSEPH ACQUAH,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>STATE OF NEW JERSEY, et al.,<br><br>　　　　　Respondents. | Civil No. 06-5748 (SDW)<br><br>**O P I N I O N** |

**APPEARANCES**:

Joseph Acquah, Petitioner <u>pro se</u>
P.O. Box AF 1090
Adenta-ACCRA
Ghana W/A

Susan B. Gyss
Office of the Hudson County Prosecutor
595 Newark Avenue
Jersey City, NJ 07306
Attorney for Respondents

**WIGENTON**, District Judge

　　Petitioner Joseph Acquah, was a prisoner confined at the Federal Detention Center, Oakdale, Louisiana, at the time he submitted this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1]  The respondents are J.P. Young, the

---

　　[1] Section 2254 provides in relevant part:

　　(a) The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in

Administrator of the Federal Detention Center, the State of New Jersey, and former Attorney General Zulima Farber.[2]  For the following reasons, the Petition will be dismissed as untimely.

### BACKGROUND

Petitioner submitted this petition for a writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254, setting forth allegations of trial court errors, ineffective assistance of counsel, prosecutorial misconduct, and an illegal sentence.  The petition is dated November 20, 2006; thus, the petition will be deemed filed as of that date for purposes of this Opinion.  See Burns v. Morton, 134 F.3d 109, 113 (3d Cir. 1999) ("a pro se

---

      violation of the Constitution or laws or treaties of
      the United States.

[2]  According to documents received from Respondents, dated April 2007, during the pendency of this action Petitioner was removed from the United States to Ghana (docket entry 14). Petitioner continues to litigate this petition, and has filed papers from Ghana (docket entries 15, 16).  Deportation does not render the petition moot.  See Steele v. Blackman, 236 F.3d 130, 134 (3d Cir. 2001); Moi Chong v. Dist. Dir. INS, 264 F.3d 378, 384-385 (3d Cir. 2001).  The papers submitted by Petitioner contain his address in Ghana.  Therefore, the Court ordered the Clerk of the Court to change the docket to reflect Petitioner's new address, and ordered service of the Answer upon Petitioner by Order dated October 31, 2007 (docket entry 17).  However, the copy of the Order sent to Petitioner by the Clerk's Office was returned as undeliverable on November 19, 2007 (docket entry 19). Further, while Respondents filed a Certificate of Service noting that they had served the Answer on Petitioner at his Ghana address on November 1, 2007, Petitioner has not filed a reply to the Answer or otherwise contacted the Court (docket entry 18). Thus, in accordance with this Court's October 31, 2007 Order, the Petition will be decided on the papers received and filed to this point.

prisoner's habeas petition is deemed filed at the moment he delivers it to prison officials for mailing to the district court") (citing Houston v. Lack, 487 U.S. 266 (1988)). Respondents filed Answers to the Petition in April of 2007 (docket entries 11, 12, 13). Petitioner filed a motion in response to the Answers on July 24, 2007 (docket entry 16). The Answer was re-served upon Petitioner at his new address in November of 2007 (docket entry 18). Petitioner has not filed any additional submissions.

## DISCUSSION

### A. Limitations Period

Pursuant to 28 U.S.C. § 2254, "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. See Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance. See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United

3

States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970).

The limitations period for a § 2254 habeas petition is set forth in 28 U.S.C. § 2244(d),[3] which provides in pertinent part:

> (1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
>    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; ...
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section.

Thus, evaluation of the timeliness of a § 2254 petition requires a determination of, first, when the pertinent judgment became "final," and, second, the period of time during which an application for state post-conviction relief was "properly filed" and "pending."

A state court criminal judgment becomes "final" within the meaning of § 2244(d)(1) by the conclusion of direct review or by the expiration of time for seeking such review, including the 90-day period for filing a petition for writ of certiorari in the United States Supreme Court. See Swartz v. Meyers, 204 F.3d 417,

---

[3] The limitations period is applied on a claim-by-claim basis. See Fielder v. Verner, 379 F.3d 113 (3d Cir. 2004), cert. denied, 543 U.S. 1067 (2005); Sweger v. Chesney, 294 F.3d 506 (3d Cir. 2002).

419 (3d Cir. 2000); Morris v. Horn, 187 F.3d 333, 337 n.1 (3d Cir. 1999); U.S. Sup. Ct. R. 13.

To statutorily toll the limitations period, a state petition for post-conviction relief must be "properly filed."

> An application is "filed," as that term is commonly understood, when it is delivered to, and accepted by the appropriate court officer for placement into the official record. And an application is "properly filed" when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee. In some jurisdictions the filing requirements also include, for example, preconditions imposed on particular abusive filers, or on all filers generally. But in common usage, the question whether an application has been "properly filed" is quite separate from the question whether the claims contained in the application are meritorious and free of procedural bar.

Artuz v. Bennett, 531 U.S. 4, 8-9 (2000) (citations and footnote omitted) (finding that a petition was not "[im]properly filed" merely because it presented claims that were procedurally barred under New York law on the grounds that they were previously determined on the merits upon an appeal from the judgment of conviction or that they could have been raised on direct appeal but were not).

An application for state post-conviction relief is considered "pending" within the meaning of § 2244(d)(2), and the limitations period is statutorily tolled from the time it is "properly filed," during the period between a lower state court's

decision and the filing of a notice of appeal to a higher court, Carey v. Saffold, 536 U.S. 214 (2002), and through the time in which an appeal could be filed, even if the appeal is never filed, Swartz v. Meyers, 204 F.3d at 420-24.  However, "the time during which a state prisoner may file a petition for writ of certiorari in the United States Supreme Court from the denial of his state post-conviction petition does not toll the one year statute of limitations under 28 U.S.C. § 2244(d)(2)."  Stokes v. District Attorney of the County of Philadelphia, 247 F.3d 539, 542 (3d Cir.), cert. denied, 534 U.S. 959 (2001).

The limitations period of § 2244(d) also is subject to equitable tolling.  See Fahy v. Horn, 240 F.3d 239, 244 (3d Cir.), cert. denied, 534 U.S. 944 (2001); Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999); Miller v. New Jersey State Dept. of Corrections, 145 F.3d 616, 618 (3d Cir. 1998).  Equitable tolling applies

> only when the principles of equity would make the rigid application of a limitation period unfair.  Generally, this will occur when the petitioner has in some extraordinary way been prevented from asserting his or her rights.  The petitioner must show that he or she exercised reasonable diligence in investigating and bringing the claims.  Mere excusable neglect is not sufficient.

Miller, 145 F.3d at 618-19 (citations and punctuation marks omitted).  Among other circumstances, the Court of Appeals for the Third Circuit has held that equitable tolling may be appropriate "if the plaintiff has timely asserted his rights

6

mistakenly in the wrong forum," i.e., if a petitioner has filed a timely but unexhausted federal habeas petition. See Jones, 195 F.3d at 159. See also Duncan v. Walker, 533 U.S. 167, 183 (2001) (Stevens, J., joined by Souter, J., concurring in part) ("neither the Court's narrow holding [that the limitations period is not statutorily tolled during the pendency of a premature federal habeas petition], nor anything in the text or legislative history of AEDPA, precludes a federal court from deeming the limitations period tolled for such a petition as a matter of equity"); 533 U.S. at 192 (Breyer, J., dissenting, joined by Ginsburg, J.) (characterizing Justice Stevens's suggestion as "sound").

Finally, "a pro se prisoner's habeas petition is deemed filed at the moment he delivers it to prison officials for mailing to the district court." Burns v. Morton, 134 F.3d 109, 113 (3d Cir. 1998) (citing Houston v. Lack, 487 U.S. 266 (1988)).

According to the allegations of this Petition, Petitioner's conviction became final on or about September 21, 2001, ninety days after the New Jersey Supreme Court denied certification on his direct appeal.[4]  Thus, the federal limitations period would expired on or about September 20, 2002.

However, statutory tolling applies to Petitioner's case. Petitioner's first PCR petition was filed on November 9, 2001 and

---

[4] Petitioner's petition for certification to the New Jersey Supreme Court on his direct appeal was denied on June 21, 2001.

was denied on June 26, 2002. Thus, because this first PCR petition was denied prior to Petitioner's limitations period expiring on September 20, 2002, the filing of this first PCR petition did not affect Petitioner's federal limitations period.

Petitioner's second PCR petition was filed on September 19, 2003, and denied by the PCR court, said denial being affirmed by the Appellate Division, with the New Jersey Supreme Court denying certification on November 9, 2006. Thus, while the limitations period was tolled from September 19, 2003 until November 9, 2006, during the pendency of the second PCR petition, the limitations period was not tolled from September 21, 2002 until September 19, 2003, when the second PCR petition was filed. This constitutes just about one year. Further, although the second PCR petition was denied certification on November 9, 2006, this petition was not filed until over a year later, on November 20, 2007.

Thus, it is clear that the petition is untimely, and statutory tolling will not save the petition from the strict limitations period defined by statute. Petitioner has not established any basis for equitable tolling.

### B.   Certificate of Appealability

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability ("COA"), an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A certificate of appealability may issue "only if

Case 2:06-cv-05748-SDW   Document 20   Filed 01/17/08   Page 9 of 10 PageID: 161

the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  Miller-El v. Cockrell, 537 U.S. 322, 327 (2003).  "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Here, jurists of reason would not find it debatable that the petition is untimely.

## **CONCLUSION**

For the foregoing reasons, the petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, is dismissed, with prejudice.  The Court further finds that no certificate of appealability will issue because Petitioner has not made a substantial showing of the denial of a constitutional right, as required by 28 U.S.C. § 2253.

9

An appropriate Order accompanies this Opinion.

**/s/SUSAN D. WIGENTON**
United States District Judge

Dated: **JANUARY 17, 2008**